JOHN JOHNSTON *vs.* BENJAMIN F. PAUL.

May 22, 1875.

Arbitration—Recommittal of Award.—When an award of arbitrators is filed in the district court, the court may recommit it to the arbitrators to make their findings more specific.

Appeal by Johnston from a judgment of the district court for Nicollet county, entered pursuant to an order of *Hans-*

*come*, J., confirming an award of arbitrators, and directing judgment in accordance therewith.

*M. J. Severance, Cox & Gronlund*, and *C. R. Davis*, for appellant.

*Ladd & Stone*, for respondent.

GILFILLAN, C. J.   There are two points raised in this case which it is necessary to consider:

1. Had the district court authority to recommit the award first filed to the arbitrators for a more specific finding of facts?

The original award was in some respects in so indefinite terms that it was difficult to determine from it whether the arbitrators had passed on all the matters submitted to them, or what judgment should be entered; so that it was a proper case to recommit if the court had authority to do so. Section 11, ch. 89, Gen. St., the chapter regulating arbitrations, provides that "the award may be accepted or rejected by the court for any legal and sufficient reason, or it may be recommitted to the arbitrators for a rehearing by them." The power of control over these proceedings, given to the court, is a salutary one, and ought not to be confined within too narrow limits.   This section gives to the court authority to send the matter back to the arbitrators, and to require them to go over the whole matter again, including the making of a new award if necessary, and this, by any reasonable construction, includes the power to require them merely to correct any defects in their award.

2. Does the award cover all the matters submitted, and is it confined to those matters?

The submission is rather obscure, but we gather from it that there are really two matters left to the arbitrators: *first*, what appears to have been a claim made by Johnston against Paul for compensation, under a contract or contracts of hiring, in a certain business, the exact nature of which business does not appear, the compensation claimed being a salary of $600.00 a year and one-half of the profits of the

business; and, *second,* all demands and claims connected with the conduct and prosecution of the business of a certain tannery. The award finds that Johnston has no claim against Paul on account of the salary, and that there were no profits in the business specified; and it also finds that, with respect to all the demands and claims connected with the conduct and prosecution of the business of said tannery, there was due from Johnston to Paul, $879.57. This disposes of everything submitted to the arbitrators, and does not cover any more. The court below was correct in confirming the award and ordering judgment on it, and the judgment is affirmed.